Scott E. Davis
State Bar No. 016160
SCOTT E. DAVIS, P.C.
20827 North Cave Creek Road, Suite 101
Phoenix, AZ  85024

Telephone:  (602) 482-4300
Facsimile:   (602) 569-9720
email: davis@scottdavispc.com

*Attorney for Plaintiff Oluyemisi Bosfield*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Oluyemisi Bosfield,<br><br>    Plaintiff,<br><br>    v.<br><br>Lincoln National Life Insurance Company, 360 Communities, Inc., Group Long Term Disability Insurance for Employees of 360 Communities, Inc.,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT** |

Now comes the Plaintiff, Oluyemisi Bosfield (hereinafter referred to as "Plaintiff"), by and through her attorney, Scott E. Davis, and complaining against the Defendants, she states:

*Jurisdiction*

1.     Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover

-1-

employee benefits. In addition, this action may be brought before this Court pursuant to 28 U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of the United States.

### *Parties*

2. Plaintiff is a resident of Maricopa County, Arizona.

3. Upon information and belief, 360 Communities, Inc. (hereinafter referred to as the "Company") sponsored, administered and purchased a group disability insurance policy which was fully insured by Jefferson Pilot Financial Insurance Company (hereinafter referred to as "Jefferson") and was purchased or assumed by Lincoln National Life Insurance Company (hereinafter referred to as "Lincoln"). The specific Jefferson group policy is known as 000010047770. The Company's purpose in sponsoring, administering and purchasing the Jefferson policy was to provide disability insurance for its employees. Upon information and belief, the Jefferson policy may have been included in and part of an employee benefit plan, specifically named the Group Long Term Disability Insurance for Employees of 360 Communities, Inc. (hereinafter referred to as the "Plan") which may have been created to provide the Company's employees with welfare benefits. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1).

4. Upon information and belief, Lincoln merged with Jefferson on or around July 2, 2007. During the processing of Plaintiff's claim and appeals, Lincoln sometimes corresponded with Plaintiff through letterhead in the name of Jefferson. Plaintiff will refer to all correspondence herein as coming from Lincoln, including all correspondence on Jefferson letterhead.

5. Upon information and belief, Lincoln functioned as the claims administrator of the policy; however, pursuant to the relevant ERISA regulation, the Company and/or the

Plan may not have made a proper delegation or properly vested fiduciary authority or power for claim administration in Lincoln.

6. Upon information and belief, Plaintiff believes Defendants operated under a conflict of interest in evaluating her claim due to the fact they may have operated in dual roles as the decision maker with regard to whether Plaintiff was disabled as well as the payor of benefits; *to wit,* Defendants' conflict existed in that if Plaintiff was disabled one of them was liable for payment of those benefits.

7. The Company, Lincoln and the Plan conduct business within Maricopa County and all events giving rise to this Complaint occurred within Maricopa County.

*Venue*

8. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

*Nature of the Complaint*

9. Incident to her employment, Plaintiff was a covered employee pursuant to the Plan and the relevant policy and a "participant" as defined by 29 U.S.C. §1002(7). Plaintiff seeks disability income benefits from the Plan and the relevant policy pursuant to §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B) as well as any other employee benefits from any Defendant that she may be entitled to as a result of being found disabled.

10. On or about June 10, 2006, Plaintiff became disabled due to serious medical conditions and was unable to work in her designated occupation as a Family Support Worker. Plaintiff has remained disabled as that term is defined in the relevant policy continuously since that date and has not been able to return to any occupation due to her serious medical conditions.

11. Upon information and belief, the relevant Lincoln policy and definition of disability governing Plaintiff's long term disability claims is as follows:

"Total Disability" or "Totally Disabled" will be defined as follows:

1. During the Elimination Period and Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the main duties of his or her regular occupation.

2. After the Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the main duties of any Gainful Occupation.

12. In a letter dated September 25, 2006, Lincoln informed Plaintiff after a review of her claim file, that it determined she did not meet the definition of disability set forth in its Policy and that it had denied benefits.

13. On February 16, 2007, pursuant to 29 U.S.C. §1133, Plaintiff timely appealed the September 25, 2006 denial of her claim and submitted additional medical evidence supporting her entitlement of benefits to Lincoln.

14. Plaintiff submitted to Lincoln updated medical records, Attending Physician's Statements and Certification of Disability Statements from her treating physicians who concluded she was unable to return to work in any occupation.

15. Plaintiff underwent an evaluation on January 12, 2007 and January 22, 2007 with a medical professional who concluded, after extensive medical testing that she was unable to return to work due to her restrictions and limitations. Plaintiff submitted a complete copy of the medical professional's report to Lincoln.

16. By letter dated May 4, 2007, Lincoln notified Plaintiff it was upholding its decision to deny her long term disability benefits, after erroneously concluding that Plaintiff's medical records, completed physicians' questionnaires and evaluations did not support restrictions and limitations that would render her unable to perform the main duties of gainful employment.

17. Defendant failed to fully consider the evidence Plaintiff submitted on appeal and unreasonably rejected Plaintiff's medical evidence as referenced in paragraph 15.

18. Plaintiff did not appeal Lincoln's May 4, 2007 denial of her claim because she believed it would have been administratively futile due to Lincoln's prior one sided, flawed and biased reviews of her claim.

19. Subsequent to Lincoln's denial of her claim, Plaintiff filed for Social Security Disability benefits with the Social Security Administration. On or around October 30, 2010 and prior to an Administrative Law Judge Hearing, Plaintiff was found disabled by the Social Security Administration for the same medical conditions that she sought disability benefits for from Lincoln.

20. In its May 4, 2007 denial letter, Lincoln denied Plaintiff of a lawful, full and fair review pursuant to ERISA for various reasons including but not limited to, failing to consider or de-emphasizing all evidence submitted by Plaintiff, failing to consider or de-emphasizing all the limitations set forth in the medical evidence, failing to consider or de-emphasizing the side effects Plaintiff experienced from her medications and failing to consider or de-emphasizing the opinions of her treating medical professionals that Plaintiff was unable to work in any occupation and is totally disabled.  Lincoln's failure to consider the above information in determining Plaintiff's ability to perform her occupation denied her of a full and fair review and led to a flawed determination that she was not disabled.

21. Lincoln further denied Plaintiff a full and fair review pursuant to ERISA because it did not request an independent medical examination of Plaintiff or seek a review by an impartial vocational expert to assess the impact her physicians' limitations would have in any work environment.  The relevant policy allowed an independent medical examination and vocational evaluation with a professional of its own choosing. Lincoln's failure to obtain these evaluations violated its fiduciary duty to Plaintiff and also precluded a full and fair review due to its failure to properly investigate her claim in violation of ERISA, specifically 29 C.F.R. § 2560.503-1(h).

22.     In evaluating Plaintiff's claim on appeal, Lincoln had an obligation pursuant to ERISA to administer Plaintiff's claim "solely in her best interests and other participants" which it failed to do.[1]

23.     Plaintiff believes the reason Lincoln provided an unlawful review which was neither full or fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, is due to the aforementioned dual roles it undertook as decision maker and payor of benefits in her claim which created an inherent conflict of interest and this conflict is a reason her disability claim was denied.  Specifically, Lincoln saved a significant sum of money when it terminated Plaintiff's benefits and her claim.

24.     Plaintiff is entitled to discovery regarding the aforementioned conflicts of interest of Lincoln and any individual who reviewed her claim and the Court may properly weigh and consider evidence regarding the nature, extent and effect of *any* conflict of interest which may have impacted or influenced Lincoln's decision to deny her claim.

25.     In a letter dated March 26, 2009 Lincoln informed Plaintiff her administrative record was now closed.  Plaintiff believes Lincoln's March 26, 2009 letter communicated a final administrative review of her claim.

26.     Plaintiff seeks benefits pursuant to the "own" and "any" occupation definitions of disability set forth in the policy.

---

[1] "It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," Firestone, 489 U.S., at 113, 109 S. Ct. 948, 103 L. Ed. 2d 80 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B). *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350 (U.S. 2008).

27. With regard to whether Plaintiff meets the definition of disability set forth in the policy, the Court should review the evidence in Plaintiff's claim *de novo* because the Company or Plan may not have made a proper delegation or properly vested fiduciary authority or power for plan and/or claim administration in Lincoln pursuant to ERISA.

28. As a direct result of Lincoln's decision to deny Plaintiff's disability claim, she has been injured and suffered damages in the form of lost disability benefits in addition to other potential employee benefits she may have been entitled to receive through or from the Plan and/or Company as a result of being found disabled.

29. Pursuant to 29 U.S.C. §1132, Plaintiff is entitled to recover unpaid benefits, prejudgment interest, reasonable attorney's fees and costs from Defendants.

30. Plaintiff is entitled to prejudgment interest at the rate of 10% per annum pursuant to A.R.S. §20-462, or at such other rate as is appropriate to compensate her for losses she incurred as a result of Defendants' nonpayment of benefits.

WHEREFORE, Plaintiff prays for judgment as follows:

A. For an Order requiring Defendants to pay Plaintiff disability benefits as a result of being found disabled pursuant to the relevant policy from the date she was first denied these benefits through the date of judgment and prejudgment interest on those benefits as well as any other employee benefits she may be entitled to from the Plan and/or Company as a result of being found disabled;

B. For an Order that Plaintiff meets the relevant policy's definition of disability for "own" and "any" occupation benefits;

C. For an Order directing Defendants to continue paying Plaintiff benefits until such time as she meets the Plan or policy conditions for termination of benefits;

D. For attorney's fees and costs incurred as a result of prosecuting this suit pursuant to 29 U.S.C. §1132(g); and

1      E.     For such other and further relief as the Court deems just and proper.

2                              DATED this 5th day of May, 2011.

3                              SCOTT E. DAVIS. P.C.

4                              By:   */s/ Scott E. Davis*
                                           Scott E. Davis

5                                            Attorney for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26